**RECORD NO. 13-56657**

In The

# United States Court of Appeals

### For The Ninth Circuit

## DEBORAH A. LYONS,

*Plaintiff – Appellant,*

**v.**

## MICHAEL & ASSOCIATES; ATTORNEY LINA,

*Defendants – Appellees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
AT SAN DIEGO**

———————————

**BRIEF OF APPELLANT**

———————————

Robert L. Hyde
Joshua Swigart
HYDE & SWIGART
2221 Camino Del Rio South, Suite 101
San Diego, California  92108
(619) 233-7770

Richard J. Rubin
ATTORNEY AT LAW
1300 Canyon Road
Santa Fe, New Mexico  87501
(505) 983-4418

*Counsel for Appellant*

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ iii

INTRODUCTION ...................................................................................... 1

JURISDICTIONAL STATEMENT ............................................................. 3

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ................... 3

STATEMENT OF THE CASE .................................................................... 4

    A.    Statutory Background................................................................. 4

    B.    Factual and Procedural Background ........................................... 5

    C.    District Court's Decision............................................................ 6

SUMMARY OF THE ARGUMENT ........................................................... 7

STANDARD OF REVIEW ......................................................................... 9

ARGUMENT............................................................................................... 9

    THIS CASE WAS TIMELY FILED BECAUSE, UNDER THE
    DISCOVERY RULE, THE STATUTE OF LIMITATION
    RUNS FROM THE DATE A CONSUMER FIRST LEARNS
    OF A COLLECTION SUIT FILED IN VIOLATION OF THE
    FDCPA'S FAIR-VENUE PROVISION ............................................... 9

    1.    *Naas's* Holding That The Statue Of Limitations Runs
        When A Collection Suit Is Filed Does Not Conflict With
        *Mangum's* Later Holding That The Discovery Rule
        Applies in FDCPA Cases ........................................................... 9

i

2. *Naas* Establishes That, As a General Matter, the FDCPA Statute of Limitations Runs From the Date of Filing When the Alleged Violation Flows From the Filing of a Lawsuit ................................................................. 10

3. *Mangum* Applies the General Discovery Rule to the FDCPA ..................................................................... 11

4. *Naas* Does Not Preclude the Application of the Discovery Rule or Any Tolling Exception ............................. 15

5. The Lower Court's Remaining Observations Further Reveal Its Error ...................................................... 20

CONCLUSION ............................................................. 22

STATEMENT OF RELATED CASES ....................................... 23

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aloe Vera of America*, *Inc. v. United States*,
　　699 F.3d 1153 (9th Cir. 2012) ............................................................ 15

*American Pipe & Const. Co. v. Utah*,
　　414 U.S. 538 (1974) ........................................................................ 16

*Brady v. Credit Recovery Co.*, *Inc.*,
　　160 F.3d 64 (1st Cir. 1998) .............................................................. 14

*Cappos v. Suppa*, *Trucchi & Henin*, *LLP*,
　　2012 WL 6057995 (S.D. Cal. Dec.6, 2012) ........................................ 21

*Cholla Ready Mix*, *Inc. v. Civish*,
　　382 F.3d 969 (9th Cir. 2004) .............................................................. 9

*De Anza Properties X*, *Ltd. v. County of Santa Cruz*,
　　936 F.2d 1084 (9th Cir. 1991) ........................................................... 15

*Fox v. Citicorp Credit Services*, *Inc.*,
　　15 F.3d 1507 (9th Cir. 1994) .............................................................. 6

*Greco–Rambo v. Prof'l. Collection Consultants*,
　　2011 WL 3759676 (S.D. Cal. Aug. 25, 2011) .................................... 21

*House v. Nevada*,
　　2011 WL 336854 (D. Nev. Jan. 31, 2011) ......................................... 7

*Huy Thanh Vo v. Nelson & Kennard*,
　　931 F. Supp. 2d 1080 (E.D. Cal. 2013) .............................................. 21

*Johnson v. Riddle*,
　　305 F.3d 1107 (10th Cir. 2002) .................................................. 17, 20

*Kwai Fun Wong v. Beebe*,
    732 F.3d 1030 (9th Cir. 2013) ........................................................... 14

*Mangum v. Action Collection Service*, *Inc.*,
    575 F.3d 935 (9th Cir. 2009), *rev'g*,
    2007 WL 1959076 (D. Idaho July 3, 2007) ................................ *passim*

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*,
    637 F.3d 939 (9th Cir. 2011), *aff'g*,
    587 F. Supp. 2d 1170 (D. Mont. 2008) ............................................ 18

*McMellon v. United States*,
    387 F.3d 329 (4th Cir. 2004) ............................................................ 19

*N.L.R.B. v. Don Burgess Const. Corp.*,
    596 F.2d 378 (9th Cir. 1979) ............................................................ 15

*Naas v. Stolman*,
    130 F.3d 892 (9th Cir. 1997) ...................................................... *passim*

*Persons v. WDIO-TV*,
    2010 WL 3521950 (D. Minn. Aug. 9, 2010) ...................................... 20

*Socop–Gonzalez v. INS*,
    272 F.3d 1176 (9th Cir. 2001) .......................................................... 15

*TRW Inc. v. Andrews*,
    534 U.S. 19 (2001) ........................................................... 12-13, 14, 16

*United States v. Hardesty*,
    977 F.2d 1347 (9th Cir. 1992) .......................................................... 19

*Von Saher v. Norton Simon Museum of Art*,
    592 F.3d 954 (9th Cir. 2010) .............................................................. 7

*Yong v. I.N.S.*,
    208 F.3d 1116 (9th Cir. 2000) .......................................................... 10

## STATUTES

15 U.S.C. § 1601 ................................................................ 14

15 U.S.C. § 1692(a) ............................................................. 4

15 U.S.C. § 1692(e) ............................................................. 5

15 U.S.C. § 1692i(a) ............................................................ 5

15 U.S.C. § 1692i(a)(2) ..................................................... 3, 6

15 U.S.C. § 1692k(b)(1) ....................................................... 18

15 U.S.C. § 1692k(d) ..................................................... *passim*

15 U.S.C. §§ 1692-1692p ...................................................... 3

28 U.S.C. § 1291 ............................................................... 3

28 U.S.C. § 1331 ............................................................... 3

## RULE

Fed. R. Civ. P. 12(b)(6) ....................................................... 9

## OTHER AUTHORITIES

Pub.L. 90–321, § 502 (May 29, 1968), 82 Stat. 146, 147, reported as a note following 15 U.S.C. § 1601 ............................................... 14

Wright & Miller et al, 13 Fed. Prac. & Proc. Juris. § 3506, note 19 and accompanying text (3d ed. last updated December 2013) ......................... 19

## INTRODUCTION

Actions under the Fair Debt Collection Practices Act (FDCPA) are not timely unless they are brought "within one year from the date on which the violation occurs." This appeal concerns the timeliness of a suit brought under the FDCPA's fair-venue provision, which forbids debt collectors from "bring[ing] any legal action on a debt against any consumer" in a venue where the consumer neither resides nor signed the contract.

In violation of that fair-venue provision, debt collectors Michael & Associates brought a state-court collection suit against Deborah Lyons in a distant forum. Ms. Lyons then sued the debt collectors under the FDCPA – *within* one year of the date on which she was served with process in the distant collection suit (and thereby learned of the suit) but more than one year *after* that suit was actually filed. As the court below observed, "[t]he bone of contention is which is the relevant date." ER 4 at 3. The district court chose the earlier date and dismissed the action as time-barred.

But, as the district court acknowledged, *Mangum v. Action Collection Service*, *Inc*., 575 F.3d 935 (9th Cir. 2009), required the opposite result. *Mangum* applied to the FDCPA "the general federal rule…that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." 575 F.3d at 940. Here, that date was

when Ms. Lyons was served and first learned of the collection suit. But the district court declined to follow this binding precedent because, in its view, *Mangum*'s discovery rule was in "direct conflict" with the earlier-decided *Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997), which explained that, as a general matter, in FDCPA collection-litigation cases the "statute of limitations began to run on the filing of the complaint in the" state court.

The district court was wrong to identify any tension between this Court's cases, let alone a "direct conflict." In fact, the earlier *Naas* decision did not discuss the discovery rule because the plaintiff's claim in that case would have been barred in any event. The "conflict" was entirely of the district court's own making.

This Court's decisions in *Naas* and *Mangum* together state a common-sense rule: In cases to enforce the FDCPA fair-venue provision, suit is timely if filed within one year of the filing of the underlying collection complaint.  However, when the consumer does not know of the filing of that complaint until a later date (e.g. the date of service), then the statute of limitations runs from that later date. The application of that common-sense rule compels reversal here.

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant Deborah A. Lyons sued Defendants-Appellees, the law firm Michael & Associates and its attorney Lina M. Michael (collectively hereafter Michael & Associates), under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA). ER 8. The district court had jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Ms. Lyons timely filed her notice of appeal on September 20, 2013 (ER 1) from the district court's judgment of August 30, 2013, dismissing the action with prejudice. ER 3. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The Act's fair-venue provision forbids debt collectors from "bring[ing] any legal action on a debt against any consumer" in a venue where the consumer neither resides nor signed the contract. 15 U.S.C. § 1692i(a)(2).

The question presented is: Under the discovery rule, when the consumer knows or has reason to know of the filing of a complaint alleged to violate the fair-venue provision only when the complaint is served, does

the statute of limitations run from the date of filing or from the date of service?

**STATEMENT OF THE CASE**

**A.     Statutory Background**

Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," practices that Congress determined "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA seeks to remedy these problems, at once "to protect consumers against debt collection abuses" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

This case arises under the FDCPA's fair-venue provision, which seeks to insure that consumers are not forced to defend themselves against collection suits brought in distant courthouses. The provision states as follows:

> Any debt collector who brings any legal action on a debt against any consumer shall –
>
> **(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a

judicial district or similar legal entity in which such real property is located; or

**(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity –

    **(A)** in which such consumer signed the contract sued upon; or

    **(B)** in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i(a).

Congress established a one-year statute of limitations for FDCPA violations, including the fair-venue provision:

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

## B.    Factual and Procedural Background

On December 7, 2011, Michael & Associates filed a debt collection suit against Ms. Lyons on a purportedly delinquent American Express credit card account in a Monterey County, California judicial district – even though Ms. Lyons did not reside in Monterey County and had not signed any underlying contract in Monterey County. ER 8 at 3-4. As a result, she alleged that Michael & Associates did not meet either of the two criteria

required by 15 U.S.C. § 1692i(a)(2) and could not lawfully bring that suit in the Monterey County district. *Id*. at 4.[1]

Ms. Lyons first learned of the state-court collection action when she was served in mid-January 2012. *Id*.

On January 3, 2013, Ms. Lyons brought this action against Michael & Associates in federal district court. ER 8. She thus filed this action within one year of learning about the lawsuit (from its service) but more than one year from the filing of the collection action. ER 4 at 3. Michael & Associates filed their motion to dismiss in lieu of an Answer arguing that the FDCPA suit was time-barred under *Naas v. Stolman* since it was filed more than one year after the state-court collection suit was filed. Motion to Dismiss, Docket No. 3, filed on February 20, 2013. Ms. Lyons opposed that motion on the basis of this Court's opinion in *Mangum* that adopted the discovery rule under the FDCPA and thus rendered the action timely. Response in Opposition, Docket No. 7, filed March 6, 2013.

## C.    District Court's Decision

The district court dismissed the action with prejudice, holding that the FDCPA's one year statute of limitations began with the unknown (to Ms.

---

[1] The seminal FDCPA fair-venue decision is this Court's opinion in *Fox v. Citicorp Credit Services*, *Inc*., 15 F.3d 1507, 1511 (9th Cir. 1994) (defendant violated § 1692i(a)(2) when it sued in "neither the county in which the Foxes reside nor the county in which they signed any contract sued upon").

Lyons) filing date (December 7, 2011) rather than the later mid-January date of service when the lawsuit was first disclosed to her. ER 4 at 4. Addressing the *Naas* holding that the FDCPA claim accrues on the date of the state court filing and the *Mangum* holding adopting the discovery rule, the court stated that "the Court believes *Naas* should apply here" and reasoned that "in the face of a direct conflict between two otherwise equally binding precedents, the Court would apply the earlier. *See House v. Nevada*, 2011 WL 336854, at *1 n.1 (D. Nev., Jan. 31, 2011) (citing *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010))." *Id.*

## SUMMARY OF THE ARGUMENT

As the lower court recognized, this Court's holding in *Mangum v. Action Collection Service*, *Inc*., 575 F.3d 935 (9th Cir. 2009) – which applied the discovery rule to the FDCPA – establishes that this action was timely because the statute of limitations for a debt collection litigation violation does not begin to accrue until the consumer receives sufficient notice, such as when first served with process. The lower court could not have dismissed the complaint absent its conclusion that *Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997), and *Mangum* were in "direct conflict" and its consequent refusal to follow *Mangum*. ER 4 at 3-4. Declaring that "the Court believes *Naas* should apply here," the court acknowledged that it

7

chose to disregard the holding in *Mangum* based on the canon that "in the face of a direct conflict between two otherwise equally binding precedents, the Court would apply the earlier." *Id.* at 4.

*Naas* and *Mangum*, however, do not conflict but are harmonious and consistent. *Naas* states the general FDCPA rule: the time when the debt collection lawsuit is filed is the date from which the statute of limitations runs; *Mangum* applies the correlative general discovery rule applicable to all federal claims that tolls the limitations period until "the plaintiff knows or has reason to know of the injury which is the basis of the action." These holdings are entirely consistent, and each complements the other.

*Naas* and *Mangum* together explain when an FDCPA litigation violation accrues once an action is filed but process is served at a later date. The later date is controlling. There is no conflict between these two opinions, and *a fortiori* there is no irreconcilable conflict sufficient to relieve a district court from its obligation to follow the binding *Mangum* precedent. Sustaining the lower court's holding would effectively abolish the discovery rule contrary to *Mangum* and to an entire body of Circuit jurisprudence. The ruling below must be overturned.

## STANDARD OF REVIEW

This Court reviews *de novo* the district court's dismissal of the complaint under Fed. R. Civ. P. 12(b)(6) as well as a dismissal on the basis of a statute of limitations. *Cholla Ready Mix*, *Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Michael & Associates raised the statute of limitations in their Motion to Dismiss, Docket No. 3, filed on February 20, 2013; Ms. Lyons relied on this Court's opinion in *Mangum* adopting the discovery rule for her claim that the action was timely filed in her Response in Opposition, Docket No. 7, filed March 6, 2013; the district court ruled on the matter in its Order of August 29, 2013 (ER 4), Docket No. 11.

## ARGUMENT

### THIS CASE WAS TIMELY FILED BECAUSE, UNDER THE DISCOVERY RULE, THE STATUTE OF LIMITATION RUNS FROM THE DATE A CONSUMER FIRST LEARNS OF A COLLECTION SUIT FILED IN VIOLATION OF THE FDCPA'S FAIR-VENUE PROVISION

**1.    *Naas's* Holding That The Statue Of Limitations Runs When A Collection Suit Is Filed Does Not Conflict With *Mangum's* Later Holding That The Discovery Rule Applies in FDCPA Cases.**

The lower court erred in refusing to follow the binding *Mangum* decision adopting under the FDCPA the federal discovery rule that "a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." 575 F.3d at

940 (citations and internal quotations omitted). Thus, as applied by this Court, *Mangum* reversed a district court's dismissal of the action as time-barred because, although the violation of the FDCPA occurred more than one year before the federal suit was filed, it was filed less than a year after the consumer "discovered (or could have discovered)" the violation. *Id*. at 941.

"[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). The court declined to follow *Mangum* without an analysis of *Naas* and *Mangum* to support its perception that the two opinions are in such "direct conflict" that it was free to ignore the later-decided opinion. In fact, *Naas* and *Mangum* do not conflict in any manner; to the contrary the two opinions are entirely congruent and harmonious.

**2.    *Naas* Establishes That, As a General Matter, the FDCPA Statute of Limitations Runs From the Date of Filing When the Alleged Violation Flows From the Filing of a Lawsuit.**

The plaintiffs in *Naas* alleged that while collecting a small hospital bill, the defendants filed a state court collection suit that violated the FDCPA. 130 F.3d at 892-93. The state court action had been filed in March 1993, and the federal action was filed well over two years later in July 1995.

*Id.* The district court dismissed the FDCPA claim as time-barred under § 1692k(d)'s one year statute of limitations. *Id.*

Because of the over two-year hiatus between the filing of the state and federal cases, the plaintiffs in *Naas* did not assert that the limitations period accrued only when they were served with process or first had notice of the collection suit since their federal suit would have been time-barred in either event. Instead, they merely "argue[d] unpersuasively that the statute of limitations should run from the day of decision by the Appellate Department of the Superior Court" affirming the judgment for the creditor. *Id.* This Court correctly rejected that contention: "The alleged violation of the Act was not a reviewing court judgment, but the bringing of the suit itself….We hold that the statute of limitations began to run on the filing of the complaint in the Municipal Court….Filing a complaint is the debt collector's last opportunity to comply with the Act, and the filing date is easily ascertainable." *Id.*

**3.    *Mangum* Applies the General Discovery Rule to the FDCPA.**

Eighteen years later in *Mangum* this Court addressed the timeliness of an FDCPA claim that arose from the allegedly unlawful disclosure by the defendant debt collection agency to the consumer's employer that she owed money on several dishonored checks, resulting in her termination from her

11

job as a police dispatcher. 575 F.3d at 937-38. The collector made the unlawful disclosures to a police investigator on December 8, 2004. 575 F.3d at 938. The next day the investigator "notified Mangum by letter that he had initiated his investigation, and on December 15, 2004, Mangum attended an investigative interview with [the investigator] in which she first became aware of the fact that the debt collection agencies had provided copies of her check information to" him. *Id*. Ms. Mangum filed her federal suit on December 14, 2005, the last day before the expiration of one year from her discovery of the disclosure but more than one year after all other events. 575 F.3d at 941.

The district court in *Mangum* had dismissed the FDCPA claim as time-barred because it determined that, in the parlance of the § 1692k(d) statute of limitations, "the violation occur[red]" there when the collection agency made its allegedly unlawful disclosures to the police investigator more than one year before the plaintiff filed suit. *Mangum v. Action Collection Service*, *Inc*., 2007 WL 1959076, at *2 (D. Idaho July 3, 2007). The plaintiff responded that the suit was timely under the discovery rule "because she did not learn about the alleged violations of the FDCPA until December 15, 2004" at the investigative interview. *Id.* The district court rejected that argument based on its reading of *TRW Inc. v. Andrews*, 534

12

U.S. 19 (2001), and concluded that "the text and structure of § 1692k"

evinced "Congress' intent to preclude a judicial implication of a discovery

rule" in the FDCPA. *Mangum*, 2007 WL 1959076, at *3.

The *Mangum* district court stated that it found no guidance on the

question before it from *Naas*, which it concluded did not address and thus

left open whether the discovery rule applied to the FDCPA: "The Ninth

Circuit has addressed the limited question regarding at what point the statute

of limitations begins to run when the alleged violation of the FDCPA is the

filing of a lawsuit…However, the Court did not address whether or not to

apply the general federal discovery rule to the FDCPA statute of

limitations." *Id*. at *2 n.1.

On appeal this Court decided that the FDCPA incorporates the general

federal discovery rule. First, *Mangum* debunked the argument that because

§ 1692k(d) includes Congress's authorization to bring enforcement actions

"in any appropriate United States district court without regard to the amount

in controversy" and its codification is entitled "Jurisdiction," that

subsection's time limitation is jurisdictional and therefore no tolling,

including under the discovery rule, can be applied. 575 F.3d at 939-40. The

13

panel rejected that contention as to both the substance of § 1692k(d)[2] and the significance of headings in construing a statute.[3] *Id.*

Next *Mangum* reviewed the district court's rationale that the Supreme Court in *TRW Inc. v. Andrews* precluded application of the discovery rule to the FDCPA. This Court concluded that *TRW's* refusal to apply the discovery rule was limited to the specific statutory language at issue that was inconsistent with a general discovery rule and that therefore precluded its application. 575 F.3d at 940-41. However, this Court found no such preclusive intent or effect in § 1692k(d). *Id.* Thus, with no authority to abandon this Circuit's established precedents that "have made it clear that, in general, the discovery rule applies to statutes of limitations in federal litigation," this Court held that the rule applies to the FDCPA and reversed the dismissal below. *Id.*

The *Mangum* panel generated a concurring opinion. Judge O'Scannlain stated his position (575 F.3d at 946-47) that the specific

---

[2] This Court recently reaffirmed this holding. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1042 (9th Cir. 2013) ("Thus, a rule does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions") (internal quotation and citations omitted).

[3] In addition, the FDCPA is a subchapter of the federal Consumer Credit Protection Act, which also admonishes against relying on its headings and captions to ascertain substantive meaning. *See* Pub.L. 90–321, § 502 (May 29, 1968), 82 Stat. 146, 147, reported as a note following 15 U.S.C. § 1601; *see also Brady v. Credit Recovery Co.*, *Inc*., 160 F.3d 64, 66 (1st Cir. 1998).

language in § 1692k(d) should prohibit application of the discovery rule but nevertheless agreed with the majority to reverse the dismissal as time-barred because, invoking *Socop–Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001) (*en banc*), "our court's equitable tolling jurisprudence requires me to concur in the result": "Here, Mangum could not reasonably have known of the violation until the police department told her about it. Accordingly, the week between the violation and the discovery mechanically tacks on to the end of the limitations period." 575 F.3d at 947. Likewise, as conceded by the lower court here (ER 4 at 3-4), Ms. Lyons could not possibly have known she was sued in a distant venue until she was served with process.

**4.    *Naas* Does Not Preclude the Application of the Discovery Rule or Any Tolling Exception**

*Mangum* and the cases cited therein (575 F.3d at 940) represent only a small sample of this Court's pre- and post- *Mangum* decisions that have recognized that the discovery rule generally accompanies every federal statute of limitations.[4] There is no conflict between *Naas* and *Mangum*: the underlying limitations date and the later discovery date are different, but this

---

[4] *See e.g. Aloe Vera of America*, *Inc. v. U.S*., 699 F.3d 1153, 1159 (9th Cir. 2012); *De Anza Properties X*, *Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991); *N.L.R.B. v. Don Burgess Const. Corp.*, 596 F.2d 378, 382 (9th Cir. 1979).

discrepancy occurs as a matter of course in every case where the discovery rule is applied to extend the underlying limitations period.

In order to be adopted, every available tolling rationale must first be deemed "consistent … with the limitations statute" to which it applies [*American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 555 (1974)], including of course the discovery rule. *TRW Inc. v. Andrews*, 534 U.S. at 27-28. Thus, to describe the modification of the basic limitations period as a "direct conflict" to render the tolling rule ineffective is just a circuitous nullification of the tolling extension itself.

Nothing in *Naas* prohibits any tolling rule that would otherwise be available. For example, if *Naas* had determined that § 1692k(d) is jurisdictional (contrary to the principles discussed and rejected in *Mangum*), then perhaps a subsequent panel would have been barred from applying any tolling doctrine. Nothing of the sort occurred, and *Naas* contains no facts, discussion, rationale, or other attribute that could impede a subsequent panel from applying the discovery rule, equitable tolling, or any other tolling rule.

Even before *Mangum* was decided, the Tenth Circuit expressly rejected the argument that *Naas* foreclosed the limitations period from running at the date of service where the FDCPA violation arose through the filing of a debt collection suit. The following treatment of *Naas* by the Tenth

16

Circuit both fully explains *Naas* and foreshadows the result later reached in *Mangum*: "[T]he choice between accrual upon filing and accrual upon service was not before the court in *Naas*....Not surprisingly, the court never discussed, and apparently never considered, the possibility that the claim accrued upon service. Indeed, it appears likely that, had the *Naas* court confronted the issue, it would have concluded that the cause of action accrues upon service." *Johnson v. Riddle*, 305 F.3d 1107, 1114 n.4 (10th Cir. 2002).

In effect, the lower court here held that once a panel of this Court establishes when a statute of limitations generally begins to run, a later panel is foreclosed from applying any rule or exception that would extend that limitations period. This reasoning simply denies the established Circuit jurisprudence that recognizes the potential availability of the discovery rule under all federal statutes.

Not only are the holdings reached in *Naas* and *Mangum* complementary, but even the rationale employed in *Naas* to reach its result is consistent with *Mangum's* adoption of the discovery rule. Motivating *Naas* is its reasoning that "[f]iling a complaint is the debt collector's last opportunity to comply with the Act." 130 F.3d at 892. Here, Michael & Associates' "last opportunity to comply with the Act" in fact occurred after

17

they filed the collection suit. During the five weeks between filing and

serving process, they apparently learned that Ms. Lyons did not reside in

Monterey County and instead lived in San Diego County where they served

her. At that point, Michael & Associates had the last opportunity to refrain

from serving her at her home in a different venue from where they filed their

collection suit. Surely, a conscientious debt collector would have voluntarily

dismissed the collection action and re-filed in a lawful jurisdiction:

exercising that last opportunity to comply would have averted the violation.[5]

This case illustrates that there is room for both the *Naas* rule and the

*Mangum* exception to apply under normal conditions, and thus the rules as

well as the rationales of *Naas* and *Mangum* can readily be applied without

impeding or adversely impacting the other.

Naas and *Mangum* do not entail the type of conflicting and

inconsistent opinions which activate the first-decided rule followed in other

---

[5] On remand, Michael & Associates' intent and culpability are factors that
will be considered in setting the FDCPA's "additional" statutory damages.
*See* § 1692k(b)(1); *see e.g. McCollough v. Johnson*, *Rodenburg & Lauinger*,
*LLC*, 637 F.3d 939, 949, 953-54 (9th Cir. 2011), *aff'g* 587 F. Supp. 2d 1170,
1177 (D. Mont. 2008) (finding culpability where the defendant received
"actual notice of an FDCPA violation" and allowed the violation to
continue).

Circuits on which the lower court relied to ignore the *Mangum* holding.[6] *See e.g. McMellon v. United States*, 387 F.3d 329, 334 (4th Cir. 2004) (*en banc*) ( "when there is an irreconcilable conflict between opinions issued by three-judge panels of this court, the first case to decide the issue is the one that must be followed…"). *Naas* and *Mangum* are not irreconcilable; quite to the contrary, each complements the other. The discovery rule is a correlative precept that by definition co-exists with and supplements the general limitations rule. Applying the discovery rule to a non-preclusive statute of limitations as the *Mangum* Court did is an act of consistency and convergence, not deviation.

The court below should have recognized that *Naas* and *Mangum* can be easily reconciled with the straightforward view that *Naas* sets the general rule and *Mangum* recognizes the discovery rule exception. Despite Michael & Associates' argument of a conflict between two binding Circuit

---

[6] The Ninth Circuit case cited by the lower court for the proposition that the later of two conflicting opinions should be disregarded (ER 4 at 4) does not stand for that proposition. Indeed, this Court apparently has never expressly adopted that tenet. *Compare U.S. v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) ("the appropriate mechanism for resolving an irreconcilable [intra-circuit] conflict is an en banc decision") (quotation and citation omitted). Nevertheless, the tenet is often followed when "conflicts of authority do occasionally arise within a circuit." Wright & Miller et al, 13 Fed. Prac. & Proc. Juris. § 3506, note 19 and accompanying text (3d ed. last updated December 2013) (collecting Circuit cases). Whether this rule may be applicable in this jurisdiction is an academic issue here because this case does not present a qualifying conflict.

19

precedents, the lower court should have accepted that "our obligation is to harmonize the apparently conflicting rulings, and that is our first task here." *Persons v. WDIO-TV*, 2010 WL 3521950, at *12 (D. Minn. Aug. 9, 2010). The court below made no such effort and must be reversed.

**5.     The Lower Court's Remaining Observations Further Reveal Its Error.**

The lower court commented that the *Mangum* opinions were written "without citing *Naas*." ER 4 at 3. Perhaps the lower court thought that the *Mangum* panel was unaware of *Naas* and its holding establishing the baseline FDCPA limitations period. Nonetheless, the *Mangum* panel was well aware of *Naas*. The district judge's opinion which the *Mangum* panel was reviewing stated (as quoted above) that in *Naas*, "the Court did not address whether or not to apply the general federal discovery rule to the FDCPA statute of limitations." *Mangum*, 2007 WL 1959076, at *2. Furthermore, the *Mangum* majority opinion [575 F.3d at 941 n.18] referred with a pinpoint citation to the very paragraph in *Johnson v. Riddle* [305 F.3d at 1114] where, as quoted above, the Tenth Circuit rejected *Naas's* application to the issue before it.

Both the parties' briefs in *Mangum* highlighted and discussed *Naas*. *See* Ninth Circuit Case No. 08-35191, Brief of Appellant pp. 14-16 and Brief of Appellee p. 2. Neither party argued that *Naas* restricted application

20

of either the discovery rule or equitable tolling, and neither took exception to the district court's assessment that *Naas* did not address and thus had no effect on the question presented. *Id.*

Finally, the district court here commented that after *Naas* and *Mangum*, "courts have struggled to reconcile these two holdings." ER 4 at 3. Yet, in all three cases cited by the lower court, none of the district judges refused to apply *Mangum's* discovery rule, and none purports to find direct or irreconcilable conflict to justify abandoning the *Mangum* precedent. *Cappos v. Suppa*, *Trucchi & Henin*, *LLP*, 2012 WL 6057995, at *4 (S.D. Cal. Dec.6, 2012) (not reaching the question because "under either date…Plaintiffs' claims for violations of the FDCPA … are time-barred"); *Greco–Rambo v. Prof'l. Collection Consultants*, 2011 WL 3759676, at *3 (S.D. Cal. Aug. 25, 2011) (applying *Mangum* and holding that the limitations period was tolled until the consumer discovered 13 months after the collection suit was filed that a default judgment had been entered against her); *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1085-87 (E.D. Cal. 2013) (applying the discovery rule where "Plaintiff was not served with the complaint in the Collection Action, the default judgment, or a lien notice, and was therefore unaware of the lawsuit for several years").

A determination by a district court to not follow binding Circuit precedent is extraordinary. The lower court's decision to do so here and its meager basis for doing so illustrate the wisdom of the rules that prohibit such deviation from the norms of federal jurisprudential practice.

## CONCLUSION

For the foregoing reasons, the judgment below should be reversed, with costs of appeal and reasonable attorneys fees awarded to Ms. Lyons, and this matter remanded for proceedings on the merits.

Respectfully submitted,

/s/ Richard J. Rubin
Richard J. Rubin
1300 Canyon Road
Santa Fe, New Mexico  87501
(505) 983-4418

Robert L. Hyde
Joshua Swigart
HYDE & SWIGART
2221 Camino Del Rio South
Suite 101
San Diego, California 92108
(619) 233-7770

Deepak Gupta
GUPTA BECK PLLC
1625 Massachusetts Avenue, NW
Washington, DC 20036
(202) 470-3826

Abbas Kazerounian
Kazerounian Law Group, APC
245 Fischer Avenue, Suite 500
Costa Mesa, CA 92626
(800) 400-6808

Joanne S. Faulkner
123 Avon Street
New Haven, Connecticut 06511
(203) 772-0395

Attorneys for Plaintiff-Appellant Deborah A. Lyons

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 28-2.6, undersigned counsel declares that there are no known related cases pending in this Court.

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*4,954*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: March 17, 2014                     /s/ Richard J. Rubin
                                          *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 17th day of March, 2014, I caused this

Brief of Appellant to be filed electronically with the Clerk of the Court using

the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

> Christina L. Rymsza
> MICHAEL & ASSOCIATES
> 555 Saint Charles Drive, Suite 204
> Thousand Oaks, California  91360
> (805) 379-8505
>
> *Counsel for Appellees*

/s/ Richard J. Rubin
*Counsel for Appellant*
